UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| WILLIAM TROY LOWE | CIVIL ACTION NO: 12-2868 |
| VERSUS | JUDGE DONALD E. WALTER |
| METROPOLITAN INS. & ANNUITY CO. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court is a Motion to Remand [Doc. 10] filed on behalf of the Plaintiff William Troy Lowe, requesting this matter be remanded to the Third Judicial District Court, Parish of Lincoln, Louisiana. The Defendant, Metropolitan Insurance and Annuity Company ("Metropolitan") opposes this motion. For the following reasons, Plaintiff's motion is hereby **DENIED**.

### I. BACKGROUND

Lowe filed this action for a declaratory judgment in the Third Judicial District Court, Parish of Lincoln, Louisiana on October 8, 2012. [Doc. 1-1 at 1]. Lowe alleges that when he purchased a flexible premium life insurance policy from Metropolitan with a face value of $250,000, an agent told him that the premium would always be $156.84 per month. Lowe later discovered that the insurance policy provides that the premium could be increased in order to keep the policy and coverage in force, and that notice would be given at least three months prior to an increase in premiums. Lowe also discovered that Metropolitan has been paying the increase in premiums by deducting funds from an "accumulation fund" without notifying Lowe. He then received notice that, unless a remittance of $1,187.46 was paid before August 31, 2012, the policy would lapse.

1

Lowe asks for a declaratory judgment holding that Metropolitan has no legal authority to increase the premiums, no legal authority to take funds out of the accumulation fund, and no legal authority for canceling the policy.

Metropolitan was served through the Secretary of State on October 16, 2012. [Doc. 1-2 at 2]. Metropolitan removed the action to this Court on November 12, 2012, alleging diversity of citizenship jurisdiction. Lowe filed this motion to remand on November 29, 2012, arguing that the Court does not have jurisdiction because the amount in controversy does not exceed $75,000.[1]

## II. LAW AND ANALYSIS

A civil action may be removed if the federal court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). In this case, Metropolitan contends this Court has diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332. A court may exercise diversity jurisdiction where the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. *Id.* The removing party bears the burden of proving subject matter jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)).

It is undisputed that the parties are completely diverse. Thus, the issue before the Court is whether the amount in controversy is satisfied. In an action for declaratory relief, such as this one, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). The removing party

---

[1] Removal was based on diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Although amount in controversy is disputed, Lowe does not contest Metropolitan's statement that complete diversity exists.

bears the burden of proving subject matter jurisdiction. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 253–54 (5th Cir. 1961)). Typically, a plaintiff's good faith demand establishes the amount in controversy. § 1446(c)(2). In cases where state practice prohibits a demand for a specific sum of money—as in Louisiana, *see* La. Code Civ. Pro art. 893(A)(1)—the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See* § 1446(c)(2); *De Aguilar,* 47 F.3d at 1411.

A defendant can prove that the amount in controversy exceeds the jurisdictional amount in two ways. First, the jurisdictional amount is satisfied if it is "facially apparent" from the plaintiff's complaint that their "claims are likely above $75,000." *Garcia v. Koch Oil Co. of Texas, Inc.,* 351 F.3d 636, 639 (5th Cir. 2003) (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)). Second, the defendant can provide summary judgment type evidence of facts showing that the amount in controversy exceeded $75,000 at the time of removal. *See Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *see also Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal.").

Once a defendant has established that the amount in controversy exceeds $75,000, a plaintiff must demonstrate that it is "legally certain that his recovery will not exceed [$75,000]" for remand to be proper. *In re 1993 Exxon Chemical Fire,* 558 F.3d 378, 387 (5th Cir. 2009) (quoting *De Aguilar,* 47 F.3d at 1412). This is not a burden shifting exercise—"plaintiff must make all information known at the time he files his complaint." *Id.*

Metropolitan argues in its notice of removal that the amount in controversy is satisfied

because Lowe seeks a judgment that Metropolitan is precluded from canceling a $250,000 life insurance policy, limiting the premiums payable on the policy to $156.84, and prohibiting the use of an "accumulation fund" to pay premiums. To this end, it argues that the $250,000 policy is the appropriate value for determining the amount in controversy, citing *Duderwicz v. Sweetwater Savings Association,* 595 F.2d 1009, 1014 (5th Cir. 1979); *New York Life Insurance Company v. Swift,* 38 F.2d 175 (5th Cir. 1930); and *Preis v. New England Life Insurance Company,* No. 07-582, 2007 WL 2478693, *5 (W.D. La. Aug. 28, 2007).

In his motion to remand, Lowe does not provide any case law supporting his position that the amount in controversy does not exceed $75,000. Rather, he argues that the cases Metropolitan cites are distinguishable because they involve suits for money judgments, whereas he seeks mostly declaratory relief. Lowe argues that the only money damages sought in this case are attorneys fees—a sum which should not exceed $75,000. [Doc. 10-1 at 1].

In this action for a declaratory judgment, the "value of the right to be protected or the extent of the injury to be prevented" determines the amount in controversy. *Hartford Ins. Group,* 293 F.2d at 911. Lowe seeks to protect several things: (1) his current premium rate of $156.84; (2) the accumulation fund; and (3) the policy from cancellation. [Doc. 1-1 at 2]. Whether Lowe is entitled to the relief he requests will hinge upon whether the insurance policy itself permits Metropolitan to increase the premiums, utilize the accumulation fund for past-due premiums, and ultimately cancel the policy for non-payment of premiums.

Where the plaintiff's requested relief requires an interpretation of the legal effects of an insurance policy, the value of the policy controls the amount in controversy. *Waller v. Professional Ins. Corp.,* 296 F.2d 545, 547 (5th Cir. 1961). The value of the policy—$250,000—is both clear

from the face of the petition and in excess of $75,000. [Doc. 1-1 at 1]. Therefore, the Court concludes that the jurisdictional amount is satisfied.[2]

### III. CONCLUSION

The Court finds the amount in controversy to be clear from the face of the petition. Because the amount in controversy exceeds $75,000 and the parties are completely diverse, this Court has diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Therefore, upon due consideration, Lowe's motion to remand [Doc. 10] is hereby **DENIED**.

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this the 9 day of May, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[2] Moreover, the Court notes that Lowe requests declaratory relief to the effect that Metropolitan is not allowed to cancel the policy. Therefore, if Lowe should succeed on the merits, the $250,000 life insurance policy will continue in effect. If, however, Lowe is unsuccessful and Metropolitan cancels the policy, Lowe (or the beneficiary named in the policy) will lose the $250,000. Therefore, it is clear that $250,000 is in controversy. *See Waller*, 296 F.2d at 548 ("Not to be overlooked is the plaintiff's prayer for an injunction against Professional, the effect of which—should it be granted— would be to allow a $50,000 policy to continue until maturity.").

5